## Cummings v. Mecleary et al.

*Guy G. DeFuria*, for plaintiff; *E. Leroy Van Roden*, for defendants.

BROOMALL, J., April 23, 1934. — The affidavit of defense admits the facts alleged in plaintiff's statement of claim.

On February 22, 1933, in a prosecution before John S. Mecleary, justice of the peace, against Walter E. Ramsey, Ramsey gave bail with Nathan Clifford Cummings as surety, Cummings giving the justice $500 in cash. On April 25,

1933, the justice returned the transcript to the court of quarter sessions, but did not pay the money deposited in lieu of bail to the clerk of the court. The defendant, John S. Mecleary has failed, upon demand, to return to the use-plaintiff, Nathan Clifford Cummings, the $500 so deposited.

The only defense set up is that, at the request of the use-plaintiff, defendant agreed that he would hold the money for a short period of time, approximately 1 week, to enable real estate or corporate security to be furnished, and if the use-plaintiff would not be able to substitute other security the defendant Mecleary would pay the $500 to the Clerk of the Court of Quarter Sessions of Delaware County.

The defendant justice deposited the $500 in his special account with the Media-Sixty-ninth Street Trust Company, which failed to open March 2, 1933, for which reason it was impossible for said defendant to withdraw the $500 and pay it to the clerk of the quarter sessions court. It is not asserted it was agreed the $500 should be deposited in the Media-Sixty-ninth Street Trust Company. The legal question presented is whether or not this excuse is valid.

The Act of April 7, 1921, P. L. 118, provides that in such a case, in lieu of bail, the parties are allowed to deposit with the justice the amount of the bail in current funds, and that upon the binding over by the justice he shall make immediate return of the prosecution to the court of quarter sessions "and pay the money deposited in lieu of bail and recognizance with surety or sureties to the clerk of said courts, taking a receipt therefor from the said clerk", etc.

In accepting the $500 in lieu of bail, the justice was acting in his official capacity. If he had paid the money as the law required to the clerk of the court upon the final disposition of the case, the use-plaintiff would have been entitled to have received it back. The failure of the justice to do as the law requires left the $500 in his hands as money had and received for the use of the plaintiff.

It is not pretended that he would have any right to retain it. His deposit of it in the trust company, without any agreement therefor with the plaintiff, in disregard of the legal requirements to deposit it with the clerk, presents no legal excuse.

The official bond executed by John S. Mecleary, with Walter C. Fetters as surety, was conditioned that the principal Mecleary "well and faithfully pay over all moneys that shall come into his hands as such officer". The $500 paid the justice by the use-plaintiff did so come into his hands. His failure to deposit it with the clerk of the court, by whom it would have been returned according to law upon the final disposition of the case, makes the defendants liable in this case.

And now, to wit, April 23, 1934, plaintiff's motion for judgment for want of a sufficient affidavit of defense is granted, and the rule issued thereon is made absolute; and judgment is entered in favor of the plaintiff and against defendants for $500, with interest from June 5, 1933, together with costs of suit.

From William R. Toal, Media, Pa.